# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL AILIN,<br><br>  Plaintiff,<br><br>v.<br><br>LEAVENWORTH COUNTY SHERIFF'S OFFICE, AND BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, KANSAS,<br><br>  Defendants. | Case No. 2:19-CV-2369-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Rachel Ailin brings suit against the Leavenworth County Sheriff's Office (the "Sheriff's Office") and the Board of County Commissioners of the County of Leavenworth, Kansas (the "Board"). She asserts claims of sex discrimination and retaliation. Defendants filed a Motion to Dismiss (Doc. 8) contending that the Sheriff's Office is an entity that cannot be sued. In addition, Defendants assert that the Court lacks jurisdiction over the Board because the Board was not included in Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge. For the reasons stated in detail below, the Court grants in part and denies in part Defendants' motion.

**I. Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

[9] *Id*. at 679.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## II. Factual Allegations

Plaintiff Rachel Ailin was hired as a sheriff's deputy in 2013. Throughout her employment, she was qualified for her position. Plaintiff also performed her work satisfactorily.

Plaintiff worked with Tyler Reavis, another sheriff's deputy at the Sheriff's Office. Throughout Plaintiff's employment, several employees of the Sheriff's Office, including but not limited to Reavis, participated in a work environment that included sexually-charged jokes that were humiliating and demeaning towards women. Reavis made sexually-charged comments about female staff members, including Plaintiff, as well as female inmates. Plaintiff had sexually-charged encounters with male employees, including being backed into a corner, being shushed by a supervisor for offering a different opinion than her husband's, and witnessing a male employee call a female inmate "a bitch."

In January 2018, Reavis approached Plaintiff at work wanting to discuss the extent of their relationship. Plaintiff stated that she did not want to talk about it at work. Reavis came to her house that evening, and Plaintiff said that she wanted to be friends. Reavis allegedly cornered her and sexually assaulted her. The following day at work, Reavis cornered Plaintiff and attempted to kiss her.

In March 2018, Plaintiff told her supervisor of the unwanted sexual activity. Plaintiff's supervisor, Brandon Masoner, immediately reported the information to the Leavenworth County Sheriff, Andy Dedeke. A criminal investigation was opened. Reavis was suspended for two months.

---

[10] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

In May 2018, Reavis returned to work and was put on a different shift than Plaintiff, but Plaintiff still had to see him. When Plaintiff inquired into the status of the investigation, she received no answers. At the end of May 2018, Plaintiff was informed that the prosecutor declined to press criminal charges against Reavis. Plaintiff was also informed that Reavis would not be fired due to "employment laws" but that he had been warned to stay away from Plaintiff.

In June, Plaintiff had frequent panic attacks. She requested another meeting with Sheriff Dedeke. He agreed to transfer Plaintiff but rescinded the offer two weeks later without explanation. Instead, he offered her a different position as a "civilian" that included a pay cut. Plaintiff rejected the position and contends that she was constructively discharged on July 13, 2018.

On or about November 20, 2018, Plaintiff filed a Charge of Discrimination with the EEOC and KHRC. In this charge, she named the Sheriff's Office and Reavis as the entity and/or person who discriminated against her. She received a Dismissal and Notice of Rights, dated April 16, 2019.

On July 8, 2019, she filed suit in this Court, naming the Sheriff's Office and the Board as Defendants. Plaintiff brings claims of sex discrimination and retaliation. Defendants have now filed a Motion to Dismiss. They assert that the Sheriff's Office is not an entity that can be sued. In addition, they assert that the Court should dismiss the Board because the Board was not named in Plaintiff's EEOC Charge.

## III. Discussion

As an initial matter, Defendants contend that they bring their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants state that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in federal court. Although this

used to be the law in this circuit, that is no longer the case. In 2018, the Tenth Circuit Court of Appeals held that the failure to exhaust administrative remedies is not a jurisdictional bar to a plaintiff's Title VII lawsuit.[11] Instead, the failure to exhaust administrative remedies is an affirmative defense that a defendant may raise in a motion to dismiss.[12] Thus, the Court will only consider Defendants' arguments under 12(b)(6) standards.

Defendants first assert that the Sheriff's Office should be dismissed because it is not amenable to suit. The sheriff's department is an agency of the county.[13] "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[14] There is no statute permitting suit against a sheriff's office.[15] Thus, the Sheriff's Office is not amenable to suit and must be dismissed.

As to the Board, Defendants concede that it is an appropriately-named Defendant. But, they contend, the Court should dismiss Defendant Board because it was not named in Plaintiff's EEOC charge.[16] In this case, the Sheriff's Office is the party named in the EEOC charge, and the Board is named as Defendant in this Court.[17] Of importance, a suit against a sheriff's office

---

[11] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) (holding that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.").

[12] *Id.* "In practical terms, [*Lincoln's*] holding means that the defense of failure to timely exhaust a Title VII claim 'is subject to waiver, estoppel, and equitable tolling.'" *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (quoting *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)).

[13] *See Farris v. Bd. of Cty. Cmm'rs of Wyandotte Cty., Kan.,* 924 F. Supp. 1041, 1045 (D. Kan. 1996) (citing *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980); *see also Wright v. Wyandotte Cty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997).

[14] *Mays v. Wyandotte Cty. Sheriff's Dep't*, No. 15-9034-JAR, 2016 WL 81228, at *1 (D. Kan. Jan. 7, 2016) (quotation marks and citations omitted).

[15] *See id.* (finding that there were no statutes giving Wyandotte County Sheriff's Department the capacity to sue or to be sued).

[16] As noted above, Defendants argue that the Court lacks subject matter jurisdiction. Because that law is no longer applicable, the Court will construe Defendants' argument as one for failure to exhaust administrative remedies.

[17] As noted above, the Sheriff's Office is also named as Defendant.

is one against the county because the sheriff's office does not have the capacity to be sued.[18]  A sheriff's department acts as an agent for the county, and the sheriff's department is an office through which a county may act.[19]  To bring suit against the county, Kansas law requires that the county be sued in the name of the board of the county commissioners.[20]

Indeed, at least two District of Kansas cases have held that the county's board of commissioners was a proper defendant when a plaintiff sued the county sheriff's department and functionally sued the county.[21]  In a recent District of Kansas opinion, Judge Crabtree noted that the Douglas County Board of Commissioners was the properly named party in the plaintiff's Title VII lawsuit against the Douglas County Sheriff's Office.[22]  Finding that the plaintiff must sue his employer under Title VII (which was the Douglas County Sheriff's Office and thus Douglas County), and that K.S.A. § 19-105 directed the plaintiff to sue the board of commissioners when suing the county, Judge Crabtree held that the board was properly included in the suit.  Accordingly, to bring suit in this Court against the Sheriff's Office, Plaintiff must sue the county by naming the county's board of commissioners.  Thus, the relevant question is

---

[18] *See Farris,* 924 F. Supp. at 1046 (D. Kan. 1996) (citing *Owens*, 636 F.2d at 287) (stating that it was implicit in the Tenth Circuit's *Owens* opinion that "the county is the employer of sheriff's department employees for Title VII purposes.").

[19] *Blume v. Meneley*, 283 F. Supp. 2d 1171, 1175 (D. Kan. 2003) (citing *Bd. of Cty. Comm'rs of Cty. of Lincoln, Kan. v. Nielander*, 62 P.3d 247, 251 (Kan. 2003)).

[20] K.S.A. § 19-105 (stating that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of ____ ; . . . ." *See also Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (citing *Hopkins v. State*, 702 P.2d 311, 316 (1985); K.S.A. § 19-105)) (noting that the board of county commissioners is the appropriate defendant for claims against the county's subunits, including the sheriff's office).

[21] *Appleby v. Bd. of Cty. Comm'rs of Douglas Cty., Kan.*, No. 17-2101-DDC, 2018 WL 3659395, at *13 (D. Kan. Aug. 2, 2018) (finding that the board of commissioners was the properly-named defendant in a suit against the sheriff's office and stating that the Kansas statute directed the plaintiff to sue the county in the name of the board of the commissioners); *Vaughan v. Ellis Cty.*, No. 13-2283-CM, 2014 WL 910125, at *2 (D. Kan. Mar. 10, 2014) (noting that the plaintiff had no choice but to name the board of county commissioners when the plaintiff brought suit against the county sheriff and county because of K.S.A. § 19-105).

[22] *Appleby*, 2018 WL 3659395, at *13.

whether Plaintiff's failure to name the county/Board in her EEOC charge constitutes a failure to exhaust administrative remedies.

"As a general rule, a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII."[23] However, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII."[24] If the unnamed defendant was informally referenced in the charge or there is an identity of interest between the unnamed defendant and the party referenced in the EEOC charge, the action can proceed.[25] Consideration of four factors determines whether an identity of interest exists between the party named in the EEOC charge and the unnamed defendant: (1) whether the unnamed party's role could be determined "through reasonable effort" at the time of the filing of the EEOC complaint; (2) whether the interests of the named party and unnamed party are "so similar" that it "would be unnecessary to include the unnamed party in the EEOC proceedings;" (3) whether the absence of the unnamed party from the EEOC proceedings resulted in "actual prejudice" to the unnamed party; and (4) whether the unnamed party represented to the plaintiff that "its relationship" with the plaintiff "is to be through the named party."[26]

As to the first factor, Plaintiff simply states that the unnamed party's role was not easily ascertainable. Defendants argue that it was simple to determine the board's role because case law from this district demonstrates the role of the board. Defendants are correct. Yet, there is also some conflicting caselaw discussing the distinction between the board of county

---

[23] *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) (citations omitted).

[24] *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

[25] *Id.*

[26] *Id.* at 1312.

commissioners and the sheriff's office.[27] These cases state that the boards of county commissioners do not oversee sheriff's offices.[28] Thus, some case law in this district directs a plaintiff to sue the board for violations asserted against the sheriff's office and county, and other case law finds that the board is not the appropriate entity to sue when bringing a claim against a sheriff's office.

"The purpose of the filing requirement is to provide notice of the alleged violation to the charged party and to provide the administrative agency with the opportunity to conciliate the claims."[29] In addition, "[c]ourts liberally construe EEOC complaints in order to accomplish the purposes of the Act, particularly since such complaints are written by laypersons who are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act."[30] Here, this is particularly true as there are multiple technicalities, distinctions, and requirements for bringing suit against a sheriff's office. Plaintiff brings suit (in this Court) against the Sheriff's Office (who was named in the EEOC charge)—through the county—by naming the Board. In sum, this factor is neutral or slightly more favorable to Plaintiff, when construing the charge liberally.

The second *Romero* factor considers whether the interests of the named party and the unnamed party are so similar that it was unnecessary to include the unnamed party. Defendants

---

[27] *See Blume v. Meneley*, 283 F. Supp. 2d 1171, 1175 (D. Kan. 2003); *see also Waterman v. Bd. of Cty. Comm'rs of Cherokee Cty., Kan.*, No. 18-3135-CM, 2019 WL 2613299, at *3 (D. Kan. June 26, 2019).

[28] *Blume*, 283 F. Supp. at 1175 (finding that the board of county commissioners was not the proper party to sue when bringing suit against the sheriff's office because it has no oversight over the sheriff's office but rather the county was the proper party); *see also Waterman*, 2019 WL 2613299, at *3 (citing *Blume*, 283 F. Supp. 2d at 1174–75) (stating that the county's board of commissioners does not oversee the sheriff or sheriff's office). In *Vaughan v. Ellis*, 2014 WL 910125, at *2 (D. Kan. Mar. 10, 2014), Judge Murguia noted the holding in *Blume* and the suggestion that the board not be named as a party in a suit against the sheriff, but he also noted that K.S.A. § 19-105 required the naming of the board in suits against the county.

[29] *Collins v. Wal-Mart, Inc.,* 245 F.R.D. 503, 511 (D. Kan. 2007) (citation omitted).

[30] *Id.* (citing *Romero*, 615 F.2d at 1311); *EEOC v. Earl Scheib of Kan., Inc.*, Case No. 99-2445-JWL, 2000 WL 382008, at *2 (D. Kan. Mar. 15, 2000)).

8

note statutory separation of powers exist between the Board and the Sheriff. While that may be true, the naming of the Board in this lawsuit is simply to include the county as the defendant.[31] Thus, the relevant question is whether the county and the Sheriff's offices' interests are so similar that it was unnecessary to include the county/board in the EEOC charge. The Court concludes the inclusion of the board/county was unnecessary because the Sheriff's Office was acting on the county's behalf, and the relevant party (the Sheriff's Office) had notice and participated in the EEOC proceedings. Thus, this factor weighs in favor of Plaintiff.

As to the third *Romero* factor, the Court finds the absence of the Board from the EEOC proceeding did not result in actual prejudice. As noted above, the inclusion of the Board is simply a way to assert suit against the county. The Sheriff's Office, acting as the county's agent, was fully involved in the EEOC proceedings and was provided with an opportunity to conciliate the claims at that level.[32] The county, by virtue of its relationship with the Sheriff's Office, was aware of Plaintiff's claims against it and the Sheriff's Office.

Finally, as to the fourth *Romero* factor, Defendants contend there is nothing in the pleadings to indicate that the Board represented to Plaintiff that its relationship should be through the Sheriff's Office. Although that is true, whether the Board made representations to Plaintiff appears to be immaterial. Again, the Board is simply named in the lawsuit so that Plaintiff can maintain suit against the county. Furthermore, Plaintiff contends that during her time at the Sheriff's Office, she was paid by Leavenworth County. If true, this demonstrates the county's

---

[31] *See Farris v. Bd. of Cty. Cmm'rs of Wyandotte Cty., Kan.,* 924 F. Supp. 1041, 1046 (D. Kan. 1996) (noting that the inclusion of the board of county commissioners in the lawsuit was simply to satisfy K.S.A. § 19-105 and the suit was in reality a suit against the sheriff's office and county).

[32] *See id.* (stating that "the [c]ounty is liable as the employer if its agent, the [] County Sheriff, has incurred liability under Title VII.).

representations as Plaintiff's employer. This fact, however, is not contained in the Complaint and is outside the pleadings. Accordingly, the Court finds this factor as neutral.

In sum, the Court finds that the *Romero* factors weigh in favor of Plaintiff. Because the Court is instructed to liberally construe EEOC complaints, the dismissal of the Board serves no purpose except to dismiss on technical pleading deficiencies. Accordingly, the Court concludes there is an identity of interest and declines to dismiss Defendant Board.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 8) is **granted in part and denied in part**. Defendant Leavenworth Sheriff's Office is dismissed from this action. Defendant Leavenworth Board of County Commissioners remains as Defendant.

**IT IS SO ORDERED.**

Dated: November 21, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE